JACOB EYMAN *et al.*, plaintiffs in error, *v.* THE PEOPLE OF THE STATE OF ILLINOIS, defendants in error.

### *Error to St. Clair.*

A mere error in judgment, or departure from sound policy, is not sufficient to subject a tribunal, possessing discretionary power, to an indictment for palpable omission of duty. Before such a prosecution can be sustained, it must be shown that there was palpable omission of a duty imperatively required by law, in a matter involving no discretion, or a wilful and corrupt, as well as palpable neglect of a discretionary duty.

If a road is used and travelled by the public as a highway, and is recognized and kept in repair as such, by the County Commissioners and supervisor, whose duty it is by law to open and repair public roads, proof of these facts furnishes a legal presumption, liable to be rebutted, that such road is a public highway.

The seventh section of *"An Act concerning Public Roads,"* approved Feb. 3, 1835, and the second section of *"An Act to amend the Act concerning Public Roads,"* approved Jan. 18, 1836, confer upon the County Commissioners' Courts a general superintending and discretionary power over the subject of public roads and bridges. That discretion is limited and restricted, in many respects, by the provisions of these statutes; but in all other respects must be exercised according to the good sense and sound judgment of the Commissioners.

On the trial of an indictment against County Commissioners for having refused and neglected to cause a certain bridge to be repaired, it is competent for the defendants to prove that they had personally examined the bridge for the purpose of ascertaining its true situation, and also that the supervisor had not used all the means in his control, with which he might have made all necessary repairs.

On such trial, it is necessary to show that the omission of duty was wilful.

It is not a valid objection to a verdict in a criminal case, that the jury were sworn "a true verdict to render according to law and evidence," and it is sufficient for the verdict of the jury to state that "we, the jury, find the defendants guilty," without saying "in manner and form as charged in the indictment."

It is not error for the Court to grant a new trial to one of three defendants, who were jointly indicted for palpable omission of duty as County Commissioners, and to refuse the same to the others, although all of the defendants were jointly indicted and pleaded jointly, and the motion for a new trial was on the part of all.

THIS cause was heard in the Court below at the September term 1841, before the Hon. Sidney Breese and a jury. The plaintiffs in error were fined $10, each, and costs of suit.

*L. Trumbull*, for the plaintiffs in error, relied upon the following points and authorities.

*First.* The County Commissioners have discretion in repairing bridges, &c., and cannot be subjected to a criminal prosecution upon such a case as that stated in the indictment. Laws of 1836, 207, § 2.

*Second.* It does not appear in and by said indictment when said bridge became and was out of repair.

*Third.* There is no direct averment that the road in question was a *public* road, established according to law.

*Fourth.* It does not appear in or by said indictment, that the defendants therein did not rebuild the said bridge.

*Fifth.* The indictment does not show when the persons bound to perform road labor were called out, nor that they had performed such labor at the time the report was made to the County Commissioners, or when they performed it.

*Sixth.* No averment when the cost of repairing said bridge was estimated by the supervisor to exceed ten dollars.

*Seventh.* The record does not show that the jury were *sworn to try the issue,* nor does the verdict state that the jury find the defendants guilty *in manner and form as charged in the indictment.*

*Eighth.* In order to show the motives of the defendants, and that they were guilty of no criminal neglect, it was competent for them to prove the efforts they made to ascertain the condition of said bridge.

*Ninth.* The law intended that the County Commissioners should not be called upon to repair bridges, &c., unless the supervisor had previously exhausted all the means under his control, and the expense of making the necessary repairs would exceed ten dollars; consequently, the supervisor was as much bound to exhaust the road land tax, dischargeable in labor, before he reported, as any other. Laws of 1835, 136, § 23.

*Tenth.* It is the County Commissioners' Court, and not the County Commissioners that have a general superintendence of public roads. The exercise of control over a road by the County Commissioners is no evidence that it is a public road. Laws of 1835, 129.

There are no public roads in this State, except those that are declared by statute to be such. *Ibid.*

*Eleventh.* The Court had no authority to set aside the verdict as to one of the defendants, and enter judgment against the others.

*J. Lamborn,* Attorney General, for the defendants in error.

The Opinion of the Court was delivered by

Douglass, J.* At the September term of the St. Clair Circuit Court, Jacob Eyman, Eldridge G. Potter, and James Glass were convicted of palpable omission of duty in office as County Commissioners of St. Clair county, in having neglected and refused to cause a certain bridge to be repaired, by ordering the supervisor of the proper district to hire laborers and teams for that purpose, or by making a contract with some fit person after notice that the supervisor had called out all persons bound to perform road labor in his district, and that said persons had performed all such labor as was required of them by the statute, and that the supervisor had estimated the cost of repairing said bridge to exceed the sum of ten dollars, and that it was still out of repair, and dangerous to travellers.

The indictment is in the usual form, and contains all the essential averments with sufficient certainty and precision. Numerous errors have been assigned, relating to the sufficiency of the indictment, the mode of swearing the jury, the form of the verdict, the exclusion of evidence, the instructions of the Court, the granting a new trial to one defendant and denying it to the others, and overruling the motion in arrest of judgment. It is unnecessary to notice particularly all the errors assigned. A careful inspection of the record has satisfied us that the exceptions to the indictment, the

---

* Scates, J. did not hear the argument in the case, but concurred in the rule laid down as to presumption of public roads.

The Opinion in this case was delivered at the December term 1842, but was accidentally omitted to be published with the Opinions of that term.

mode of swearing the jury, and the form of the verdict, are all untenable. There being no error in these respects, the motion to quash the indictment, and also in arrest of judgment, was properly overruled. The questions arising out of the exclusion of evidence are the same as those embraced in the instructions of the Court to the jury, and require more serious attention.

The defendants offered to prove that they had personally examined the bridge for the purpose of ascertaining its true situation, and also that the supervisor had not used all the means in his control with which he might have made all necessary repairs. The Court excluded this evidence, and instructed the jury, "that to constitute the defendants guilty of the offence charged, it was not necessary, that the omission of duty should have been wilful, but palpable, nor that the supervisor should have exhausted the road land tax due from persons in his district, and which was to have been discharged in labor, before he reported to the County Commissioners that said bridge was out of repair, and if the County Commissioners had assumed and exercised jurisdiction and control over the road in question, by erecting and repairing the bridge, *that* was *prima facie* evidence that the road was a public road."

A separate error is assigned on each branch of this instruction. The indictment was framed under the one hundred and tenth section of the criminal code, R. L. 195, Gale's Stat. 218, and the duty, of which it is charged there was a palpable omission, is prescribed by the seventh section of "*An Act concerning Public Roads,*" approved Feb. 3d, 1835. Laws of 1835, 130. By the second section of the last recited Act, it is provided that the County Commissioners' Courts of the several counties of this State shall have, and are hereby vested with general superintendence over the public roads within their respective Counties, and by the second section of "*An Act to amend the Act concerning Public Roads,*" approved January 18th, 1836, Laws of 1836, 207, it is enacted that the County Commissioners' Courts in each and every county within this State, when-

ever the finances of their county will admit, be and they are hereby authorized and required to expend on the public roads, in making causeways, erecting bridges, &c., in their respective counties, any sum not exceeding one third of the amount received into the county treasury of such county in the current year immediately preceding the time of expending such sum or sums of money. These two sections confer upon the County Commissioners' Courts a general superintending and discretionary power over the subject of public roads and bridges. That discretion is limited and restricted in many respects by the provisions of the statute referred to, and in all other respects must be exercised according to the good sense and sound judgment of the Commissioners. A mere error in judgment, or departure from sound policy, is not sufficient to subject a tribunal, possessing discretionary power, to an indictment for palpable omission of duty. Before such a prosecution can be sustained, it must be shown that there was palpable omission of a duty, imperatively required by law, in a matter involving no discretion, or a wilful and corrupt, as well as palpable neglect of a discretionary duty. By reference to the Act prescribing the duty, the omission of which forms the subject of this complaint, it will be seen that the Commissioners may have had a discretionary power in relation to this particular duty, and if they could have proven what they offered to prove, and what, for the purposes of this decision, we must consider as proven, they had the right to do, or not to do the act, in their discretion. For these reasons, the first and second branches of the instructions were erroneous, and the judgment must be reversed.

Although it is not essential to the determination of this case, to express an opinion on the last branch of the instruction, yet it may not be improper to do so, as it is a question of frequent occurrence, and may possibly arise on a future trial of this case. That portion of the instruction is in these words,—"if the County Commissioners had assumed and exercised jurisdiction and control over the road in question by erecting and repairing the said bridge, *that* was *prima*

*facie* evidence that the road was a public road." It is insisted that the original survey and plat of the road, and the records of the Commissioners' Court approving the same, and directing the road to be opened, should have been produced as the best evidence that it was a public road. No authority has been cited, nor are we aware of any adjudicated case sustaining this position. The practice would be very inconvenient, and would tend rather to defeat than promote the ends of justice. If a road is used and travelled by the public as a highway, and is recognized and kept in repair as such by the County Commissioners and supervisor, whose duty it is by law to open and repair public roads, proof of these facts furnishes a legal presumption, liable to be rebutted, that such road is a public highway.

The judgment of the Circuit Court is reversed, and the cause remanded.

*Judgment reversed.*