### Alec Summers v. People of the State of Illinois.

1. PUBLIC OFFICERS—*Can Not be Held Liable for Error of Judgment When Acting in Good Faith.*—A public officer, when acting in good faith, can not be held liable for an erroneous judgment in a matter submitted to his determination.

2. HIGHWAYS—*Whether a Road is a Public Highway to be Determined by the Commissioners.*—Whether a road is or is not a public highway is a question to be determined by the commissioners according to their best judgment, under the cirumstances of this case.

Prosecution, under section 208 of the Criminal Code. Appeal from the County Court of Williamson County; the Hon. RUFUS NEELY, Judge presiding. Heard in this court at the February term, 1903. Reversed. Opinion filed June 15, 1903.

SPILLER & WHITE, attorneys for appellant.

L. D. HARTWELL, State's Attorney, for appellees; W. W. CLEMENS, of counsel.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was a prosecution by information against appellant and one Junior Thompson under section 208 of the Criminal Code, which provides:   .

" Every person holding any public office (whether state, county or municipal), trust or employment, who shall be guilty of any palpable omission of duty, or who shall be guilty of diverting any public money from the use or purpose for which it may have been appropriated or set apart by or under authority of law, or who shall be guilty of contracting directly or indirectly for the expenditure of a greater sum or amount of money than may have been, at the time of making the contracts, appropriated or set apart by law or authorized by law to be contracted for or expended upon the subject-matter of the contracts, or who shall be guilty of willful and corrupt oppression, malfeasance or partiality, where no special provision shall have been made for the punishment thereof, shall be fined not exceeding $10,000, and may be removed from his office, trust or employment."

The first count of the information charged that appellant and Thompson were commissioners of highways of a certain road district in the county of Williamson in this state, and that acting in such capacity they were guilty of diverting the funds and public money belonging to said road district and subject to their control and disposition, to the improvement of a private road running in a southerly direction from Corinth in said county and intersecting the Marion and Raleigh public highway at Harvey Isaacs', the same not being a public highway, the precise sum so diverted and misapplied not being known; that they were thereby guilty of malfeasance in office, as said money was appropriated and set apart by authority of law for the purpose of keeping in repair the public roads of said road district. The second count charged them with being guilty of willful and corrupt oppression and malfeasance in office as such commissioners of highways, by then and there willfully and corruptly and oppressively diverting and causing to be expended, on the road above described, road labor then and there due and subject to the control of the commissioners of highways of said district.

At the close of all the evidence, the court sustained a motion to find the defendant, Thompson, not guilty, but refused to sustain the same as to appellant. The jury thereupon found a verdict of guilty against appellant, the

court assessed his fine at the sum of $1, and judgment was entered for that amount and costs, from which this appeal is taken.

Appellant complains that the evidence did not sustain the verdict, improper evidence was admitted on the part of the people, improper instructions given for appellee and proper ones refused or modified for appellant.

In the view we have taken of the case, however, it is unnecessary for us to consider any of the objections urged, except the one that the verdict was not supported by the evidence. Even if the evidence would justify the conclusion that all the other elements necessary to constitute the offense charged were proven beyond reasonable doubt, yet the record wholly fails to disclose any evidence tending to show a criminal intent on the part of appellant.

It appeared from the proofs that the road in question ran in a southerly direction from Corinth to what was known as the Marion and Raleigh public road; that Corinth had sixty to seventy-six inhabitants, contained three stores and a mill and that there was a church and school house near by; that the road in question had been in general use by the public for years prior to the commencement of this prosecution, for travel between Corinth and certain other towns, by mail carriers in carrying mail and by the neighborhood generally in taking their produce to market and hauling coal supplies from the coal mines some miles distant; that the road was fenced on both sides for the greater portion of its length.

Counsel for appellee in their brief admit that the first half mile of said road south of Corinth had been used and traveled for twenty-five or thirty years and that the last quarter of a mile of the same and an intermediate section a little more than a quarter of a mile in length, had been so used for a similar length of time, but state that other portions of the road had been used for shorter periods ranging from five to nineteen years.

Appellant on the other hand, claimed, and introduced evidence of much weight to sustain the claim, that those portions of the road which had not become a public road by prescrip-

tion had been dedicated to the public use for a highway by the owners thereof, except where two slight changes were made to avoid bad places and obstructions. Several futile attempts appear to have been made by persons interested, to have the road in question declared a public highway. On June 11, 1901, however, a petition was presented signed by twenty-one persons, who described themselves as qualified voters of the road district within which the road in question was located, asking that said road be declared a public road and established as then traveled, except where the owners of lands over which the same ran, and the commissioners, should mutually agree to change it, and stating that the same had been used by the public as a public highway and as a mail route, with a little variation of route, but in the same direction, and with the same beginning and end, for over twenty years. This petition was granted, one of the commissioners, S. S. Burns, dissenting. The road was declared to be a public highway and established on the line named, with the exception of a small change made, as recited in the order, by agreement with one of the land-owners. It was after this order was entered that appellant is claimed to have recognized the road as a public road and to have done the acts in reference thereto complained of. Whether the road in question was or was not a public highway, was, under the circumstances of this case, a question for appellant to determine according to his best judgment, and if he acted in good faith and without any corrupt motive, he can not be held liable criminally for any mistake of judgment, if indeed he made a mistake. It is a well established principle that a public officer, when acting in good faith, can not be held liable for an erroneous judgment in a matter submitted to his determination. Eyman v. People, 6 Ill. 4; McCormick v. Burt, 95 Ill. 263; Churchill v. Fewkes, 13 Ill. App. 520.

As there was no proof of corruption or bad faith on the part of appellant, with reference to the matters charged against him in the information, the judgment of the court below must be reversed.