(No. 46027.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. WILLIAM BARLOW, Appellee.

*Opinion filed September 17, 1974.*

William J. Scott, Attorney General, of Springfield, and Richard J. Doyle, State's Attorney, of Danville (James B. Zagel and Robert E. Davy, Assistant Attorneys General, of counsel), for the People.

Donald M. Tennant of Dobbins, Fraker & Tennant, of Champaign, for appellee.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Defendant, William Barlow, the Commissioner of Streets and Public Improvements for the city of Danville, was found guilty by a jury in the circuit court of

Vermilion County of three counts of official misconduct. Following hearings on post-trial motions, the trial court held the official misconduct statute (Ill. Rev. Stat. 1971, ch. 38, par. 33—3) unconstitutional and discharged the defendant. The People have appealed directly to this court. 50 Ill.2d R. 302(a).

In a five-count indictment defendant, and a co-defendant, were charged with one count of theft and four counts of official misconduct. The case of the co-defendant was severed and defendant was tried separately. The jury found defendant guilty on three counts of official misconduct and returned, unsigned, the forms of verdicts for the count charging theft and the fourth count of official misconduct. The counts on which defendant was convicted charged the knowing and improper use of road-surfacing materials owned by the city, and the improper use of the services of persons employed and paid by the city, to construct a driveway on property owned by defendant, and to improve a road in front of his property, and to pave a portion of the property of another individual.

Section 33—3(c) of the Criminal Code provides in pertinent part:

"A public officer or employee commits misconduct when, in his official capacity, he commits any of the following acts:

\* \* \*

(c) With intent to obtain a personal advantage for himself or another, he performs an act in excess of his lawful authority;

\* \* \*

A public officer or employee convicted of violating any provision of this Section forfeits his office or employment. In addition, he shall be fined not to exceed $1,000 or imprisoned in a penal institution other than the penitentiary not to exceed one year or in the penitentiary from one to 5 years, or both fined and imprisoned." Ill. Rev. Stat. 1971, ch. 38, par. 33—3.

An understanding 'of the issues presented in this appeal requires an examination of section 3—14—5 of the Illinois Municipal Code (Ill. Rev. Stat. 1971, ch. 24, par. 3—14—5), which provides:

"Every municipal officer who is guilty of a palpable omission of duty, or who is guilty of willful and corrupt oppression, malconduct, or misfeasance in the discharge of the duties of his office, shall be liable to indictment in any court of competent jurisdiction and, on conviction, shall be fined not exceeding $1,000. The court in which such conviction is had shall enter an order removing the convicted officer from office."

In a written memorandum filed when the judgment order was entered, the trial court, acting under compulsion of the appellate court opinion in *People v. McCollough,* 8 Ill. App. 3d 963, stated that despite the differences in language there was no difference between the charge that could have been brought against the defendant under section 3—14—5 of the Municipal Code and the charge that was brought against him under section 33—3(c) of the Criminal Code; and that "The penalties are radically different and there exists, therefore, unbridled discretion in persons other than the judiciary to control the penalty that can be imposed." The trial court then held section 33—3 of the Criminal Code unconstitutional and defendant's convictions void.

Following oral argument in this appeal we announced our opinion in *People v. McCollough,* 57 Ill.2d 440, reversing the judgment of the appellate court and we need not therefore discuss the contentions of the parties based on that case. We note further that in any event the rationale of the appellate court opinion in *McCollough* would be inapplicable here for the reason that, unlike the situation in *McCollough,* the proof required under section 33—3(c) of the Criminal Code is different than that required under section 3—14—5 of the Illinois Municipal Code. Under section 33—3(c) of the Criminal Code the

People must prove not only that the public officer or employee, in his official capacity, performed an act in excess of his lawful authority but must also prove that he performed the act "with intent to obtain a personal advantage for himself or another." Proof of personal advantage for the public officer or employee or another is not required under section 3—14—5 of the Illinois Municipal Code. (*People v. Hughey*, 382 Ill. 136.) When conduct violates more than one statute, each of which requires different proof or provides different defenses, a defendant is not denied equal protection of the laws if he is prosecuted under the statute which provides the more severe penalty. *People v. Keegan*, 52 Ill.2d 147, *cert. denied*, 406 U.S. 964; *People v. Parks*, 48 Ill.2d 232; *People v. Rhodes*, 38 Ill.2d 389.

In his brief defendant contends that, assuming reversal of *McCollough*, it does not follow that this judgment must be reversed. He argues that "the two statutory provisions in question cannot both be constitutionally deemed applicable to the Defendant. They proscribe the same conduct, and are duplicative in all but one respect: the Official Misconduct provision applies generally, to all public officials, whereas the Misconduct of Municipal Officers provision applies specially, to only municipal officers."

He reasons from this that "the Official Misconduct provision may not be applied to the Defendant, a municipal officer constitutionally subject exclusively to the sanction of the Misconduct of Municipal Officers statute." We do not agree. We find no indication in either statute that the General Assembly intended that section 3—14—5 of the Municipal Code apply to the exclusion of section 33—3 of the Criminal Code.

Citing the provision of the Constitution of 1970 that "after a trial on the merits in a criminal case, there shall be no appeal from a judgment of acquittal" (Ill. Const. (1970), art. VI, sec. 6) defendant argues that the People

cannot appeal from the judgment entered by the trial court. This contention is based on the fact that in the judgment order the trial court stated *inter alia* "defendant acquitted." An examination of the record shows beyond question that the judgment entered by the trial court was not a judgment of acquittal on the merits but was an arrest of judgment based on the trial court's holding that the indictment, charging the violation of an unconstitutional statute, was void. Clearly, the People had a right to appeal from the judgment. 50 Ill.2d R. 604(a).

For the reasons stated the judgment is reversed and the cause is remanded to the circuit court of Vermilion County for further proceedings.

*Reversed and remanded.*