THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* STANLEY THOMS, Defendant-Appellant.

First District (2nd Division)   No. 63230

Opinion filed June 28, 1977.

James J. Doherty, Public Defender, of Chicago (Richard D. Kharas, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Myra J. Brown, and Salvatore R. Marzullo, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE DOWNING delivered the opinion of the court:

The defendant, Stanley Thomas, police chief of Alsip, Illinois, was indicted on two counts of official misconduct (Ill. Rev. Stat. 1969, ch. 38, pars. 33—3(a) and 33—3(b)). After a bench trial in the circuit court of Cook County, he was found guilty on both counts, and he was sentenced to two years' conditional discharge.

The issues are (1) whether defendant was proved guilty beyond a reasonable doubt of official misconduct by failing to forward traffic citations to the circuit court and by failing to collect bond from the offender before releasing him; and (2) whether defendant was proved guilty beyond a reasonable doubt of knowingly performing an act which he knew was forbidden by law when he released a known offender without bond.

Raymond Henry, Jr., testified that at about 1 a.m. on January 18, 1971, he was stopped by a police officer while driving a car belonging to Clarence Schrack. He was then 17 years old and did not have a driver's license. He gave the officer the identification of Clarence Schrack and hid his own identification in his shorts. He was ordered to go to the police station to post bond, where he was also fingerprinted and photographed. He testified that he received tickets for not having a driver's license, improper lane usage, no license plate light, and for not having a vehicle identification number on the car he was driving.

He was subjected to a thorough search, and the police officers found his wallet. The police never advised him of his *Miranda* rights, but they questioned him with respect to a robbery investigation. He stated that Officer Ross bent his fingers, Officer O'Farrell tapped him on the head with his gun, and he was not allowed to call his father before 7 a.m.

When defendant arrived at the police station, Henry, Jr., told him that the police officers had not treated him properly and had subjected him to police brutality. He also told defendant that he had been kept in his cell until 7 a.m. without being allowed to call his father. After talking to Henry, Sr., defendant told the witness to go home and behave and never asked him about the offenses with which he was charged.

Raymond Henry, Sr., testified that he received a call from his son at about 8 or 8:30 a.m. on January 18, 1971. He was told his son had received several traffic tickets, and he was upset because no one notified him. He had known defendant for over 25 years through a local club, where he and defendant were officers in 1971.

Frank Ross, who was a police officer for the village of Alsip in 1971, testified he stopped a car driven by Raymond Henry, Jr., about 2 a.m. on January 18, 1971, and asked to see a driver's license. Identification in the name of Clarence Schrack was produced, but Ross had arrested Schrack previously and knew the driver was not Schrack. Ross said that he arrested the driver for a traffic violation, and he also knew that failure to have a vehicle number on the car could be a felony. They returned to the station where Henry, Jr., was searched. During the search Henry, Jr., attempted to grab O'Farrell. Ross and O'Farrell both pushed him against the wall and found the wallet in his shorts which identified him.

Ross stated that upon questioning him, Henry, Jr., said he was driving the car for a burglary team which was going to steal tires. Subsequently, another officer arrested an individual and charged him with possession of burglary tools after finding bolt cutters, two jacks, and a spinner-type speed wrench for removing lug nuts from the wheel of a car.

Ross further testified he went to defendant's office at about 10 or 11 o'clock that morning along with Henry, Jr., and his father; and defendant

told him that he was going to take care of the matter. Defendant told this witness he had the citations and was going to put Henry, Jr., on a 30-day probation. Defendant never told him that the charges against Henry, Jr., were improper.

Defendant testified he arrived at the station at about 8 a.m. on January 18, 1971, and he recognized Raymond Henry, Sr., from their association at the club. Henry, Sr., told him that his son had been held all night, but he had not been told until a short time before. Defendant talked to Henry, Jr., who told him the police officers had twisted his fingers and hit him on the head with a gun. Upon inquiring of the officers, Ross told him that Henry, Jr., had become belligerent because he did not want to be searched. Therefore, they pushed him against the wall and twisted his fingers. One officer tapped him on the head with his gun while questioning him. Ross also admitted not having called Henry, Jr.'s parents. Defendant told this officer that the police acted improperly and expressed the view that the case was unfounded. Defendant also said he was going to determine what could be done because Henry, Sr., had expressed an intention to retain an attorney. Defendant stated he believed they were treading on "thin ice" by charging Henry, Jr. While defendant thought that Officer Ross had mishandled the situation, he did not seek any sanctions for his conduct.

Defendant further testified he did not order Officer Ross to stop processing the traffic tickets or to release Henry, Jr., and he denied taking the tickets from Officer Ross. He stated it was Officer Ross's suggestion that Henry, Jr., be given probation. Before releasing him, defendant determined that Henry, Jr., was 17 years old; and defendant admitted failing to question him about the charges.

Chris Garrett, chief deputy clerk of the circuit court of Cook County, testified that he searched the transmittal sheets and the court book for certain tickets issued to Raymond Henry, Jr., in Alsip, Illinois, but his records indicated that those tickets had not been turned over to the clerk's office for processing.

Clark Orlovetz, formerly a patrolman and police chief in Alsip, testified that a person arrested for not having a vehicle serial number or for driving without a license would be required to have a court appearance and to post a bond, according to the procedures used within the Fifth Municipal District of the circuit court of Cook County. He further stated he had made "station adjustments" for juveniles but not for adults.

## I.

The defendant first contends the State failed to show the existence of any statutory provision imposing a duty to institute proceedings against

Raymond Henry, Jr. In the case of *People v. Campbell* (5th Dist. 1972), 3 Ill. App. 3d 984, 989, 991, 279 N.E.2d 123, the court stated:

> "By itself, without reference to other statutes, this section [33-3(a) of the Criminal Code of 1961], does not make criminal any specific act. It only receives its meaning by reference to other statutes.
>
> &#42; &#42; &#42;
>
> &#42; &#42; &#42; [S]ection 33-3(a) must be read together with those sections which impose duties with regard to public officials."

The evidence in this case established that on January 18, 1971, Raymond Henry, Jr., was 17 years old and was not entitled to the benefits of the Juvenile Court Act (Ill. Rev. Stat. 1969, ch. 37, pars. 702—2 and 702—7). He received four traffic citations which included driving without a license (Ill. Rev. Stat. 1969, ch. 95½, par. 6—101(a)) and possessing a car which had no vehicle registration number (Ill. Rev. Stat. 1969, ch. 95½, par. 4—102(d)). The latter offense is a misdemeanor, but if the driver has knowledge of the missing vehicle identification number, he may properly be charged with a felony. Ill. Rev. Stat. 1969, ch. 95½, par. 4—103(d).

A person charged with driving a motor vehicle without a license is required to appear in court to answer the charge (Ill. Rev. Stat. 1969, ch. 110A, par. 551(a)) and must post a $500 bond (Ill. Rev. Stat. 1969, ch. 110A, par. 526(e)(3)); and a person charged with a misdemeanor for possessing a motor vehicle without an identification number is required to post a $1,000 bond (Ill. Rev. Stat. 1969, ch. 110A, par. 528(c)). Supreme Court Rule 553(b) (Ill. Rev. Stat. 1969, ch. 110A, par. 553(b)) also requires that the bond be forwarded to the county clerk within 48 hours of receipt or within 48 hours of the time set forth for the accused's appearance in court, whichever is earlier.

Defendant argues that there was no law which specifically indicated that the duty to impose and forward a bond or to institute court proceedings falls upon the chief of police, and Supreme Court Rule 552 (Ill. Rev. Stat. 1969, ch. 110A, par. 552) specifically provides that the arresting officer is required to forward the traffic citations to the clerk of the circuit court. However, Officer Ross, the arresting officer, testified that defendant stated he had the traffic citations and was going to put Henry, Jr., on 30-days "probation." Ross also testified the last time he saw the citations he issued, they were in defendant's office. Regardless of where the statutory duty is initially placed, the testimony of Officer Ross indicated that defendant improperly used his supervisory authority to terminate the statutory proceedings against Raymond Henry, Jr.

## II.

Defendant also contends that it was not proved beyond a reasonable doubt that he was not acting in ignorance or mistake or that the duty

imposed on him was mandatory, rather than discretionary. He states that a police officer is not held to a standard of a legal technician (*People v. Battiste* (1st Dist. 1971), 133 Ill. App. 2d 62, 64, 272 N.E.2d 808), and argues that a mere error in judgment or departure from sound policy is not sufficient to subject an official possessing discretionary power to prosecution for a palpable omission of duty. *Eyman v. People* (1844), 6 Ill. 4; *McCormick v. Burt* (1880), 95 Ill. 263; *People v. Campbell* (5th Dist. 1972), 3 Ill. App. 3d 984, 995, 279 N.E.2d 123; *People v. Jordan* (1st Dist. 1973), 15 Ill. App. 3d 672, 676, 304 N.E.2d 713.

Defendant's testimony plainly shows that he understood his duty but failed to perform it. He testified that he was familiar with the requirements that a person driving a car without a license or a vehicle identification number could be considered guilty of a misdemeanor which would require a court appearance and posting bond. There was also evidence from which the trier of fact could conclude defendant was acting out of improper motives. Raymond Henry, Jr., had been cited for four offenses including two which required substantial bond. The testimony of the police officers implicated him in other unlawful matters. Defendant released him on 30 days' "probation" after talking to his father, whom he had known for over 25 years.

## III.

■■ Defendant also relies on section 107—6 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1969, ch. 38, par. 107—6), which provides that a peace officer is authorized to release a person without requiring him to appear in court when the officer is satisfied that there are no grounds for complaint against the person arrested. However, in this case, there were ample grounds for charges against Raymond Henry, Jr. The Committee Comments to that section state that, prior to the enactment of section 107—6, a peace officer was without authority to release an arresting person without requiring a court appearance, and that the section limits the authority to release to cases where there are no grounds for a criminal complaint. Thus, it is clear that a police officer has no discretion to release anyone against whom there are grounds for a criminal complaint, as here.

■■■ Moreover, it is not necesary to prove that the officer acted from corrupt motives in order to convict. In the case of *People v. Hughey*[1] (1943), 382 Ill. 136, 142-43, 47 N.E.2d 77, the court stated:

---

[1] In *Hughey*, the defendant was charged under what is now section 3—14—5 of the Illinois Municipal Code (Ill. Rev. Stat. 1969, ch. 24, par. 3—14—5). (See *People v. Hughey* (1942), 314 Ill. App. 228, 229, 41 N.E.2d 336.) But the essence of the section, whether the defendant was guilty of a "palpable omission of duty," was the same as the antecedent to section 33—3 of the Criminal Code (Ill. Rev. Stat. 1959, ch. 38, par. 449). See *People v. Barlow* (1974), 58 Ill. 2d 41, 43, 317 N.E.2d 49.

"The rule is that when the public law enjoins on certain officers duties to be performed by them for the public, and they omit to perform them, they may be indicted, * * *.

* * *

It is not essential * * * that the officer should have acted from corrupt motives."

In the case of *People ex rel. Rice v. Appellate Court* (1971), 48 Ill. 2d 195, 199, 268 N.E.2d 420, the court stated that a conviction under section 33—3 of the Criminal Code does not necessarily involve moral turpitude. Thus, it can be inferred that corrupt motives or personal gain are not essential to conviction under such section.

■■■ After reviewing the record, we conclude the defendant was found guilty of official misconduct beyond a reasonable doubt. The court expressly found defendant guilty of violating both sections 33—3(a) and 33—3(b), and while multiple convictions might be proper under the case of *People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838, only one sentence was imposed. This court has held that where there are multiple convictions and no sentence has been imposed on one or more convictions, there is an incomplete judgment, and the conviction upon which no sentence has been imposed must be vacated. (*People v. Robinson* (1st Dist. 1976), 41 Ill. App. 3d 526, 532, 354 N.E.2d 117; *People v. Cook* (1st Dist. 1976), 41 Ill. App. 3d 946, 954, 354 N.E.2d 122.) Therefore, the cause must be remanded to vacate one conviction.

Affirmed in part and remanded.

STAMOS and PERLIN, JJ., concur.