THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
RICHARD B. ADAMS, Defendant-Appellant.

Fifth District    No. 78-23

Opinion filed September 6, 1978.

Peter K. Woody, of Gillespie, Cadigan & Gillespie, of Springfield, for appellant.

Kelly D. Long, State's Attorney, of Hillsboro (Bruce D. Irish and Raymond F. Buckley, Jr., both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE KARNS delivered the opinion of the court:

In a bench trial in the Circuit Court of Montgomery County, defendant Richard B. Adams was convicted of official misconduct in violation of section 33—3(b) of the Criminal Code of 1961. (Ill. Rev. Stat. 1975, ch. 38,

par. 33—3(b).) Defendant appeals from his conviction alleging that the indictment was insufficient as a matter of law and further alleging that the State failed to prove all the elements of the offense.

The applicable section of the official misconduct statute reads as follows:

"A public officer or employee commits misconduct when, in his official capacity, he commits any of the following acts:
* * *

(b) Knowingly performs an act which he knows he is forbidden by law to perform."

The indictment charged that

"Richard Adams, an employee of the State of Illinois, while acting in his official capacity as highway lead worker, did knowingly perform an act which he knew was forbidden by law to perform in that he ordered James Bishop, to cut down a tree on private property with tools owned by the State of Illinois at a time when both Richard Adams and James Bishop were being employed by the State of Illinois and being paid by the State of Illinois, James Bishop being the subordinate of Richard Adams."

■■ Defendant never challenged the sufficiency of the indictment at trial, but raised it for the first time on appeal. In Illinois, "the requirement that an information or indictment charge a crime is jurisdictional. [Citation.] If in an appeal it is determined that the charge was fatally defective, the judgment must be reversed. [Citation.]" (*People v. Mack*, 24 Ill. App. 3d 455, 459-60, 321 N.E.2d 446, 449 (1st Dist. 1974); *People v. Fore*, 384 Ill. 455, 51 N.E.2d 548 (1943).) An indictment is sufficient if it contains all the elements essential to the proof of the alleged criminal act. (*People v. Mack*.) A failure to allege these requisite elements would necessitate a reversal, although the evidence at trial would have been sufficient to sustain a conviction of a properly charged crime. The indictment here is clearly inadequate. It merely alleged that an agent of defendant, a State employee, cut down a tree on private property on State time and with the State's equipment. Standing alone, the statement fails to describe the commission of a criminal act. A highway worker, as part of his official duties could conceivably be required to remove a tree or other obstruction located on private property. Absent an allegation that defendant was violating any statute, rule, regulation or any other duty imposed by law, the indictment must fail.

A critical element of section 33—3(b) of the Criminal Code is that defendant "knows he is forbidden by law." to engage in a particular activity. Nowhere in the indictment does it state that defendant knew that cutting down a tree on private property with State equipment was

forbidden by law or that in fact such conduct was forbidden by law. At trial, the State offered the testimony of present and former State officials that defendant's conduct violated the rules and regulations of the State. The testimony was unclear whether written regulations existed, and if so, whether the materials were made available to defendant. Even if the State could prove that defendant received a copy of the written rules and regulations and understood that his conduct was in violation of the conditions contained therein, this proof could not cure a defective indictment.

We agree with the State and the court in *People v. Steinmann*, 57 Ill. App. 3d 887, 897, 373 N.E.2d 757, 764 (5th Dist. 1978), that the "offense [of official misconduct] was designed to reach those situations where a public officer or employee has in some fashion exploited his official position to the detriment of the public good." But, one must be cautious in situations where a defendant, had he been acting as a private individual, would not be violating any provisions of the criminal code. Section 33—3(b) does not delineate specific criminal conduct. Rather, it derives meaning by referring to acts which are known by defendant to be "forbidden by law." It is, therefore, essential to consult other provisions of the law to determine which acts are forbidden. (See *People v. Thoms*, 50 Ill. App. 3d 398, 402, 365 N.E.2d 717, 719 (1st Dist. 1977); *People v. Campbell*, 3 Ill. App. 3d 984, 989, 279 N.E.2d 123, 126 (5th Dist. 1972).) In all cases, in which official misconduct was charged under subsection (b) of section 33—3, the defendant had violated another statute, either criminal or civil. But, whether a defendant could be convicted under the official misconduct statute for failing to comply with a rule or regulation, we need not now decide. We merely raise the issue to highlight the inherent danger in charging a defendant with official misconduct when his acts if committed in a private capacity violate no statute.

Both the State and defendant rely on *People v. Campbell*, 3 Ill. App. 3d 984, 279 N.E.2d 123 (5th Dist. 1972), in which the court discusses the sufficiency of an indictment under subsection (b) of the official misconduct statute. In *Campbell*, the defendants, trustees of the East Side Levee and Sanitary District of Madison and St. Clair Counties, were convicted of official misconduct under section 33—3(b) for authorizing payments in excess of $3,500 to three attorneys in violation of a civil statute (Ill. Rev. Stat. 1975, ch. 42, par. 253). The indictment failed to allege that defendants had knowledge that their acts were forbidden by law. On appeal, the court reversed and held that the indictment did not state an offense because the payment of attorney's fees "was an innocent act in absence of defendants knowing that chapter 42, par. 253 limited the amount of attorney fees they could pay." (*People v. Campbell*, 3 Ill. App. 3d 984, 988, 279 N.E.2d 123, 125.) In *Campbell*, the defendants violated a

civil statute, but nothing in the indictment indicated that defendants had knowledge of this violation.

In the present controversy, by comparison, defendant was alleged to have violated some undetermined rule or regulation, not a civil or criminal statute. The indictment not only failed to mention that defendant had knowledge of any violation of a rule or regulation, it failed to state whether any rules or regulations ever existed. Absent any allegation in the indictment that defendant had knowledge of the rules and regulations of the State, an essential element of section 33—3(b) is lacking.

■■ The State seeks to distinguish *Campbell* from the present case alleging, in essence, that the conduct of the *Campbell* defendants was *malum prohibitum*, whereas the conduct of the present defendant was *malum in se*. The State's argument is that the indictment need not specify the law violated in situations where a defendant should have known that his conduct was inherently wrong. While we have no difficulty agreeing with the State that defendant committed a wrongful act, we find nothing on the face of the indictment to indicate any criminal conduct. The indictment charged defendant with using State-owned property and on State time to cut down a tree located on private property. In situations such as the one here, where it is not clear that a criminal act was committed, the indictment must specifically allege all elements of the crime. While defendant's conduct as charged was not entirely innocent, neither was it in all certainty *malum in se*. At most, defendant's conduct as charged was morally or ethically wrong and not criminal in nature. In cases of questionable criminal conduct under subsection (b) of the official misconduct statute, the indictment must, at the very minimum, contain allegations of a violation of another statute or a rule or regulation of the State.

> "Where an act is not in itself necessarily unlawful but becomes so by its circumstances, all the matters necessary to show its illegality must be stated in the indictment or information. [Citation.] The charge as alleged must be an offense against the law, and if the facts alleged may all be true and yet constitute no offense the indictment is insufficient." *People v. Crosson*, 30 Ill. App. 2d 57, 64, 173 N.E.2d 552, 555 (1st Dist. 1961), quoting from *People v. Barnes*, 314 Ill. 140, 144, 145 N.E. 391, 393 (1924).

For the reasons expressed above, the judgment of the Circuit Court of Montgomery County is reversed.

Reversed.

JONES and G. J. Moran, JJ., concur.