WILLIAM G. FOX, Plaintiff-Appellant, *v.* INTER-STATE ASSURANCE COMPANY, Defendant-Appellee.

Second District   No. 79-414

Opinion filed June 2, 1980.

Alfred Y. Kirkland, of Brady, McQueen, Martin, Callahan & Collins, of Elgin, for appellant.

Van R. Richards, Jr., of Geister, Schnell, Richards and Brown, of Elgin, for appellee.

Mr. JUSTICE VAN DEUSEN delivered the opinion of the court:

Plaintiff, William G. Fox, appeals from an order of the trial court vacating a judgment entered in his favor and entering in its place, a judgment in favor of the defendant, Inter-State Assurance Company.

In September 1966, plaintiff entered into a general agent contract with defendant, Inter-State Assurance Company, whereby he was appointed a general agent of said company for the purpose of organizing and managing an agency and procuring applications for life and health insurance. The contract was a standard agency contract prepared by the defendant. The contract provided, among other things, that commissions for the second through 10th years on renewals of insurance contracts sold by plaintiff would be paid to him, subject to certain exceptions, even if the agency contract terminated. Under circumstances which would trigger the exceptions, plaintiff would forfeit his right to renewal commissions that he would otherwise be entitled to by the terms of the contract. On March 30, 1976, defendant terminated plaintiff's agency contract. On February 1, 1977, defendant stopped paying renewal commissions to plaintiff, claiming that plaintiff had committed certain acts which, under the agency contract, caused a forfeiture of his rights to those commissions. This suit followed.

Pertinent to this appeal was the defense raised by defendant that, pursuant to the terms of section 5(B)(2) of the agency contract, plaintiff had forfeited his right to renewal commissions by failing to comply with "provisions of state laws governing insurance," in that plaintiff had violated Illinois Department of Insurance Rule 9.17.

Upon completion of a bench trial, the trial court found that, while plaintiff had violated Illinois Department of Insurance Rule 9.17, such conduct did not constitute a violation of or failure to comply with the provisions of State laws governing insurance, and therefore he had not breached the terms of section 5(B)(2) of the agency contract. On October 30, 1978, in accordance with these findings, and other findings not pertinent to this appeal, the trial court entered its judgment in favor of plaintiff.

On post-trial motion of the defendant and based upon *Goetz v. Country Mutual Insurance Co.* (1975), 28 Ill. App. 3d 154, and *Margolin v. Public Mutual Fire Insurance Co.* (1972), 4 Ill. App. 3d 661, the court reversed itself and found, in effect, that the phrase, "provisions of state laws governing insurance" did include within its meaning the rules and regulations of the Department of Insurance and therefore plaintiff had breached the terms of section 5(B)(2) of his agency contract. By its order of March 27, 1979, the trial court, therefore, vacated the judgment order of October 30, 1978, in favor of plaintiff, declared a forfeiture of plaintiff's right to renewal commissions and entered judgment in favor of defendant and against plaintiff.

The critical issue on appeal is whether the parties intended that the phrase "provisions of state laws governing insurance," as set forth in section 5(B)(2) of the agency contract, would include the rules and regulations of the Illinois Department of Insurance. Because this is the key issue, we set forth section 5(B) of the agency contract in full:

"B. General Agent shall have no right to any future renewal commission in event of any of the circumstances enumerated below:

1). If General Agent shall twist any business of Company or shall influence any agent of Company to terminate his agent's Contract,

2). If General Agent shall fail to pay over money belonging to Company, or to comply with Company's rules and regulations *and the provisions of state laws governing insurance* or shall conduct himself in such a way as to prejudice the interest of Company,

3). If at any future time the renewal premium of business in

force under this Contract shall within any period of twelve consecutive months be less than $2000." (Emphasis added.)

As has been stated many times by the courts, in the construction of any contract, the court is seeking to ascertain the intent of the parties. The intention of the parties must be ascertained, if possible, from the contract itself. (*Bowler v. Metropolitan Sanitary District* (1969), 117 Ill. App. 2d 237, 242.) If, from the language of the contract, the meaning is plain and unambiguous, the court has no necessity to resort to rules of construction to assist it. (*Nerone v. Boehler* (1976), 34 Ill. App. 3d 888, 891.) However, when an ambiguity exists in the contract, the court will use rules of construction, and evidence of prior and contemporaneous transactions and other extrinsic facts may be introduced by the parties and considered by the court in ascertaining the true meaning of the contract. 34 Ill. App. 3d 888, 891; *Arthur Rubloff & Co. v. Comco Corp.* (1978), 63 Ill. App. 3d 362, 367; *Public Relations Board, Inc. v. United Van Lines, Inc.* (1978), 57 Ill. App. 3d 832, 833; see *Baird & Warner, Inc. v. Ruud* (1976), 45 Ill. App. 3d 223, 229.

■■ ■ We find no ambiguity in the phrase "provisions of state laws governing insurance"; it clearly does not include the rules and regulations of the Director of the Department of Insurance. A State law is a legislative enactment of the General Assembly of the State. In Illinois, the power to legislate is granted solely to the General Assembly by article IV of the Illinois Constitution. (Ill. Const. 1970, Art. IV, §1.) A rule or regulation of an administrative agency or department may impose a duty to comply upon the person to whom it is directed which is equivalent to a duty imposed by law. In this sense, the rule or regulation may have the force or effect of law; this was the holding of the appellate court in *Goetz v. Country Mutual Insurance Co.* (1975), 28 Ill. App. 3d 154, 159, and *Margolin v. Public Mutual Fire Insurance Co.* (1972), 4 Ill. App. 3d 661, 666. But the fact that a regulation or rule has the effect or force of a statute does not make it a State law. It is a State law which gives the Director of Insurance the power to enforce and execute all of the insurance laws of the State of Illinois as well as the power to make reasonable rules and regulations for the enforcement of such laws. (Ill. Rev. Stat. 1977, ch. 73, par. 1013.) His powers are, however, regulatory and not legislative. (*Central Standard Life Insurance Co. v. Gardner* (1958), 19 Ill. App. 2d 431, 435; *People ex rel. Barber v. Hargreaves* (1940), 303 Ill. App. 387, 397.) Further, if the rules and regulations of the Director of Insurance, a member of the executive branch of State government, are embraced within the meaning of "state laws" and made equivalent to a law duly enacted by the General Assembly, such would constitute a clear violation of the doctrine of separation of powers enunciated in article II of the

Illinois Constitution of 1970, which prohibits the executive branch from exercising legislative powers. Ill. Const. 1970, art. II, §1.

■■ We hold, therefore, that the phrase "provisions of state laws governing insurance" does not include rules and regulations of the Department of Insurance and that it was not the intent of the parties as expressed in section 5(B)(2) of the General Agency contract to compel forfeiture by the plaintiff of future renewal commissions for failure to comply with the rules and regulations of the Department of Insurance. But, this is not to say that the plaintiff was absolved of the duty to comply with those rules and regulations; that duty flows, not from his contract with the defendant insurance company, but from his obligation to comply with rules and regulations of the Department of Insurance promulgated pursuant to powers granted the Director by law.

Having found in plaintiff's favor, it is not necessary to consider the other issue he raises on this appeal.

We reverse and vacate the judgment order of the trial court entered on March 27, 1979, in favor of the defendant and against the plaintiff, and reinstate the judgment of the trial court entered and filed October 30, 1978, in favor of the plaintiff and against the defendant.

Reversed.

SEIDENFELD, P. J., and WOODWARD, J., concur.