THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* MARK SAMEL, Defendant-Appellee.

Second District No. 82—203

Opinion filed April 6, 1983.—Rehearing denied May 12, 1983.

906

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Barbara A. Preiner, Assistant State's Attorney, of counsel), for the People.

Stanley H. Jakala, of Berwyn, for appellee.

JUSTICE VAN DEUSEN delivered the opinion of the court:

Defendant, Mark Samel, was charged by indictment of the grand jury with two counts of conspiracy (counts I and XV) under section 8—2(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, par. 8—2(a)), five counts of official misconduct (counts II, III, VI, IX and X) under section 33—3(b) of the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, par. 33—3(b)), and eight counts of official misconduct (counts IV, V, VII, VIII, XI, XII, XIII and XIV) under section 33—3(c) of the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, par. 33—3(c)). On motion of the defendant, the trial court dismissed all thirteen counts of official misconduct (counts II through XIV), and the State has taken an interlocutory appeal from that order. 87 Ill. 2d R. 604(a).

The charges against the defendant, a police officer of the village of Burr Ridge, arose from defendant's purported use of the Law Enforcement Agency Data System (LEADS) for discovering the names and addresses of the owners of vehicle registration numbers for the

purpose of facilitating burglaries of the respective premises of the owners.

With reference to all of the charges of official misconduct brought pursuant to section 33—3(b) of the Criminal Code of 1961 except counts III and X, the indictment charged, in substance, that defendant, a public officer, in his official capacity as a police officer, knowingly performed an act which he knew to be forbidden by law to perform, that law being the LEADS (Law Enforcement Agency Data System) Regulations and Policies, section IXA and IXB, 3; to wit: the procuring of information, that being the name and address of a specified vehicle registration number owner from LEADS for purposes other than that of law enforcement.

With reference to all of the charges of official misconduct brought pursuant to section 33—3(c) of the Criminal Code of 1961 the indictment charged, in substance, that defendant, a public officer, in his official capacity as a police officer, with intent to obtain a personal advantage for himself or for Joseph DeCicco, performed an act in excess of his lawful authority; to wit: the procurement of information, that being the name and address of a specified vehicle registration number owner by means of a computer check through LEADS for purposes other than that of law enforcement.

The official misconduct statute provides in relevant part:

> "Official Misconduct. A public officer or employee commits misconduct when, in his official capacity, he commits any of the following acts:
>
> * * *
>
> (b) Knowingly performs an act which he knows he is forbidden by law to perform; or
>
> (c) With intent to obtain a personal advantage for himself or another, he performs an act in excess of his lawful authority;
>
> * * *
>
> A public officer or employee convicted of violating any provision of this Section forfeits his office or employment. In addition he commits a Class 3 felony." (Ill. Rev. Stat. 1981, ch. 38, par. 33—3(b), (c).)

We note that the general provisions of the official misconduct statute require that the person charged be a "public officer or employee" and that he somehow acted in his "official capacity" in the commission of the offense (see *People v. Deal* (1979), 69 Ill. App. 3d 74, 77) in the sense that he manipulated his public office or employment in order to achieve illicit gain or perform a proscribed act. *People v. Steinmann* (1978), 57 Ill. App. 3d 887, 897-98.

■ Subparagraph (b) of the misconduct statute contains two additional elements which must be pleaded and proved by the State in order to completely set forth the charge. First, the State must allege that defendant knowingly performed an act which he knew he was forbidden by law to perform. (*People v. Campbell* (1972), 3 Ill. App. 3d 984, 987, *appeal denied* (1972), 50 Ill. 2d 649.) Thus, the maxim that a party is presumed to know the law has no application to criminal proceedings under section 33—3(b). (See 3 Ill. App. 3d 984, 987-88, *appeal denied* (1972), 50 Ill. 2d 649.) Second, the indictment must specify the precise "law" which the defendant is alleged to have violated in cases of questionable criminal conduct under subsection (b) of the official misconduct statute (*People v. Adams* (1978), 64 Ill. App. 3d 547, 548-50), since section 33—3(b), standing by itself, does not delineate specific criminal conduct but rather derives its meaning by referring to acts which are known to the defendant to be "forbidden by law" (64 Ill. App. 3d 547, 549).

■ The gist of subparagraph (c) of the misconduct statute, on the other hand, is that a public official has attempted to personally enrich himself or another by an act exceeding his "lawful authority" as a public servant. (*People v. Barlow* (1974), 58 Ill. 2d 41, 43-44; see *People v. Hajostek* (1977), 49 Ill. App. 3d 148, 152.) Stated more accurately, the two additional elements required in a charge under section 33—3(c) of the Criminal Code of 1961 are that the defendant act with an intent to obtain a personal advantage for himself or another and that he perform the act in excess of his lawful authority, specifying in detail the act performed. Like subparagraph (b), subparagraph (c) standing alone does not delineate specific criminal conduct (see *People v. Adams* (1978), 64 Ill. App. 3d 547, 549; *People v. Thoms* (1977), 50 Ill. App. 3d 398, 402), but it derives its meaning by specifying an act described as being "in excess of [defendant's] lawful authority" (Ill. Rev. Stat. 1981, ch. 38, par. 33—3(c)). The term "lawful authority" derives its meaning from a set of rules not contained in the official misconduct statute, and the phrase "in excess of his lawful authority" is sufficiently definite to enable public officials and employees to determine the propriety of their actions. See *People v. Kleffman* (1980), 90 Ill. App. 3d 1, 4.

The State's main contention on appeal is that the violation of any statute, rule, or regulation, whether civil or criminal, can form the basis for conviction under sections 33—3(b) and (c) of the Criminal Code of 1961. In dismissing the official misconduct counts, the trial court held that such convictions may be predicated upon the violation of a rule or regulation promulgated by an administrative body, provided

such rule or regulation is penal in character. To be penal, the circuit court would require the rule or regulation in question to prescribe a penalty for its violation, either in express terms or by reference to the Criminal Code of 1961.

In support of the trial court's order of dismissal of the official misconduct charges, the defendant would broaden considerably the basis for the trial court's ruling. The defendant posits that only "state law" can be the basis upon which a charge of official misconduct may rest, and, since the rules and regulations of an administrative agency do not constitute statutory law, the counts in this matter were fatally flawed and properly dismissed. In support of this position, defendant relies upon our opinion in *Fox v. Inter-State Assurance Co.* (1980), 84 Ill. App. 3d 512, but defendant's reliance upon *Fox* is misplaced.

In *Fox* this court held that the phrase "provisions of state laws governing insurance" as used in an agency contract was not intended by the parties to that contract to include the rules and regulations of the director of the State department of insurance. The misconduct statute, in contrast, does not speak in terms of "state law." The *Fox* holding, which construed the provisions of a contract between private parties, has no bearing on the meaning of "law" or "lawful authority" as used by the legislature in sections 33—3(b) and (c) of the Criminal Code of 1961.

 A properly promulgated administrative rule or regulation, like a civil statute, is an expression of legislative policy—not in the sense that a rule constitutes legislation (see, *e.g., Fox v. Inter-State Assurance Co.* (1980), 84 Ill. App. 3d 512, 515-16), but, rather, because an agency in the proper exercise of its rule making power gives expression to legislative policy. Indeed, when an administrative agency exercises its rule making power, it performs a quasi-legislative function. (*Shell Oil Co. v. Pollution Control Board* (1976), 37 Ill. App. 3d 264, 270.) Administrative rules and regulations have the force and effect of law and, like a statute, enjoy a presumption of validity. (*Northern Illinois Automobile Wreckers & Rebuilders Association v. Dixon* (1979), 75 Ill. 2d 53, 58, *cert. denied* (1979), 444 U.S. 844, 62 L. Ed. 2d 57, 100 S. Ct. 87; *Du-Mont Ventilating Co. v. Department of Revenue* (1977), 52 Ill. App. 3d 59, 63, *aff'd* (1978), 73 Ill. 2d 243.) Neither at the trial court level nor on appeal has the defendant challenged the validity of the regulation in question on the basis that it was not properly promulgated pursuant to legislative authority or that it was not binding on him.

 The purpose of the official misconduct statute (Ill. Rev. Stat. 1981, ch. 38, par. 33—3) is manifestly to compel public officials and

employees, while acting in their official capacity, to do so in a lawful manner. Law, in its generic sense, is a body of rules of action or conduct prescribed by controlling authority and having binding legal force. (Black's Law Dictionary 795 (5th ed. 1979).) We believe that it is in this sense that the term was used by the legislature in defining the offense of official misconduct.

■ Support for our position that we are not limited to statutory violations as a basis for charging official misconduct is found in case law. (*People v. Nickson* (1978), 58 Ill. App. 3d 470, 478 (defendant knowingly performed an act which he knew he was forbidden by law to perform; to wit: he accepted compensation for overtime work which he failed to perform); *People v. Thoms* (1977), 50 Ill. App. 3d 398 (prosecution predicated on police chief's violation of various supreme court rules concerning citations, bonding and the court appearance required of the accused).) Accordingly, we conclude that a violation of a rule or regulation properly promulgated by an administrative body may form the basis for prosecution under sections 33–3(b) and (c) of the Criminal Code of 1961. Defendant's position to the contrary is rejected.

Further, we deem it unnecessary that an administrative rule or regulation contain a penalty clause before it can act as a basis for bringing a charge of official misconduct.

No party disputes on appeal that convictions under sections 33–3(b) and (c) may be predicated upon a knowing violation of a civil or penal statute. There is also authority in this area of the case law that indictments charging offenses under sections 33–3(b) and (c) can properly be predicated upon a statute or supreme court rule which itself does not prescribe a penalty for its violation. (See *People v. Kleffman* (1980), 90 Ill. App. 3d 1 (section 33–3(c) prosecution predicated on city mayor's attempt to circumvent section 24–6 of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 24–6), which required the destruction or use by a police agency of confiscated firearms); *People v. Thoms* (1977), 50 Ill. App. 3d 398 (section 33–3(b) prosecution based upon supreme court rules).) We discern no fundamental differences between imposing criminal liability under section 33–3(b) and (c) of the Criminal Code of 1961 based on the violation of a civil statute or supreme court rule that does not expressly or explicitly provide for criminal penalties and imposing such liability based on the violation of an administrative rule or regulation which also makes no reference to criminal penalties.

■ We therefore hold that it is not necessary that an administrative rule or regulation provide for criminal sanctions or constitute a

criminal offense in order to form the basis upon which to predicate a charge of official misconduct.

Contrary to defendant's claim, this holding does not run afoul of the legal principles applied in *People v. Graf* (1968), 93 Ill. App. 2d 43; see *People v. Campbell* (1972), 3 Ill. App. 3d 984, 988, *appeal denied* (1972), 50 Ill. 2d 649. *Graf* simply held that a defendant could not be prosecuted for a violation of the Dramshop Act where it did not expressly describe the conduct as an offense and did not itself provide a penalty. (93 Ill. App. 2d 43, 48.) The reason for that holding was that a penalty clause of some sort is, in a sense, an element of a penal statute; a criminal offense cannot by definition be stated without such a clause. See 93 Ill. App. 2d 43, 48.

In the present case, however, the defendant was not charged with the criminal offense of violating any LEADS regulation. Such regulation is only relevant in that it establishes the lawful obligation which the defendant is compelled to obey (see *People v. Campbell* (1972), 3 Ill. App. 3d 984, 988, *appeal denied* (1972), 50 Ill. 2d 649); it is not the offense with which the defendant was charged. The offenses for which the defendant was indicted were charges of official misconduct under sections 33—3(b) and (c) of the misconduct statute, which specifically provides that a public officer or employee convicted of a violation of any provision of that statute forfeits his office or employment and, in addition, commits a Class 3 felony. (Ill. Rev. Stat. 1981, ch. 38, par. 33—3.) Defendant's suggestion that section 4—8(b)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, par. 4—8(b)(1) constitutes a limitation on the ability of the State to formulate an indictment charging an offense under sections 33—3(b) or (c) is without foundation.

■ We conclude, therefore, that the trial court erred in dismissing the official misconduct counts on the grounds that the LEADS regulations did not contain a penalty provision.

■ In counts III and X, however, the defendant was charged with official misconduct based upon burglary (Ill. Rev. Stat. 1981, ch. 38, par. 19—1(a)) in that he procured information, that being the name and address of a vehicle registration number owner from LEADS for purposes other than that of law enforcement. Procuring the name and address of a vehicle registration number owner from LEADS for purposes other than law enforcement is not an act forbidden by the burglary statute. The allegations of counts III and X of the indictment were therefore insufficient to charge an offense of official misconduct under section 33—3(b) of the Criminal Code of 1961 and were properly dismissed by the trial court even though the trial court

did so for another reason. *Village of Schaumburg v. Franberg* (1981), 99 Ill. App. 3d 1, 9.

That part of the trial court's order dismissing counts III and X of the indictment is affirmed, the balance of the trial court's order dismissing counts II, IV, V, VI, VII, VIII, IX, XI, XII, XIII and XIV is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Affirmed in part; reversed in part and remanded.

NASH and LINDBERG, JJ., concur.