THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. DON W. WEBER, Defendant-Appellee.

Fifth District   No. 5—84—0380

Opinion filed May 2, 1985.

Paul C. Berticchio, Special Prosecutor, of Gillespie, for the People.

Donald E. Groshong and G. Edward Moorman, both of East Alton, for appellee.

PRESIDING JUSTICE JONES delivered the opinion of the court:

The State appeals an order of the trial court that dismissed two indictments of defendant charging official misconduct in violation of section 33—3(c) of the Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, par. 33—3(c)). At the time the indictments were returned, the defendant was the State's Attorney of Madison County. The indictments were returned by a special grand jury that had been convened upon the petition of a special prosecutor who had been appointed to conduct an investigation of defendant. We affirm.

Section 33—3(c) of the Criminal Code of 1961provides:

"A public officer or employee commits misconduct when, in his official capacity, he commits any of the following acts:

* * *

(c) With intent to obtain a personal advantage for himself or another, he performs an act in excess of his lawful authority;

* * *

A public officer or employee convicted of violating any provision of this Section forfeits his office or employment. In addition, he commits a Class 3 felony."

The indictments were returned on April 18, 1984. One alleged that the defendant,

"a public official, State's Attorney of Madison County, while acting in his official capacity, with intent to obtain a personal advantage for himself; being beneficial, personal publicity, performed an act in excess of his lawful authority, in that he directed and ordered an Assistant State's Attorney of Madison County, KEITH JENSEN, to cause a Regular Grand Jury in session in Madison County, to return indictments prior to March 28, 1984, regardless of what any other investigative agency had to say, in order to obtain beneficial, personal publicity prior to the next scheduled meeting of the Special Grand Jury in session in Madison County investigating alleged criminal offenses or conduct of DON WEBER, State's Attorney of Madison County ***."

The second indictment alleged that the defendant,

"a public official, State's Attorney of Madison County, while acting in his official capacity, with intent to obtain a personal advantage for himself; being a political gain during a primary election campaign, performed an act in excess of his lawful au-

thority, in that he directed and ordered an Assistant State's Attorney of Madison County, KEITH JENSEN, to cause a Regular Grand Jury in session in Madison County to return indictments on March 14, 1984, because the primary election was on Tuesday, March 20, 1984, and he, DON WEBER, needed the good publicity before the primary, in which DON WEBER was a candidate for re-election as State's Attorney of Madison County ***."

Following the return of the indictments, defendant filed a motion to dismiss as to each for the reason that neither stated an offense. In a well-reasoned memorandum opinion and order, the trial court granted the motions to dismiss as to both indictments, and the State appealed.

It should be noted that in charging official misconduct, the indictments do not allege that in the performance of his duty the defendant violated any other statute, supreme court rule, administrative rule or regulation, or tenet of the Code of Professional Responsibility (87 Ill. 2d R. 1—101 *et seq.*). Nor do the indictments make any reference to the person defendant directed his assistant to have indicted, what offense was involved, or whether the defendant sought to have indictments obtained in the absence of probable cause. Neither the indictments nor the record discloses whether the indictments defendant directed were in fact returned by the regular grand jury or what disposition resulted from any such indictments. Further, there is no indication as to whether a complaining witness was to be used before the regular grand jury or who the complaining witness might have been. In sum, and as the State acknowledged in oral argument, the gravamen of the offenses charged in the indictments is that defendant had an improper motive for seeking the indictment of the unnamed person, and the offense of official misconduct was committed when the directions were given by defendant to his assistant for the allegedly self-serving purposes described in the indictments.

■ Both parties rely on *People v. Samel* (1983), 115 Ill. App. 3d 905, 451 N.E.2d 892, a case in which the court addressed itself to the requirements for a charge under subsection (c). We agree that the *Samel* case is well reasoned and find it persuasive in our disposition here. In *Samel* a police officer was charged with official misconduct for his use of the data system of a law enforcement agency in order to discover names and addresses of owners of vehicles to facilitate burglaries of premises of owners. The court declared that the purpose of the official misconduct statute is to "compel public officials and employees, while acting in their official capacity, to do so in a lawful

manner." (115 Ill. App. 3d 905, 910-11, 451 N.E.2d 892, 896.) It held that charges based on subsection (c) could be based upon a knowing violation of a civil or penal statute, a supreme court rule, or a properly promulgated rule or regulation of an administrative body notwithstanding the absence of a penalty clause from such enactments.

The State concedes that no violation of a statute, rule, regulation, or tenet was alleged in the indictments, for there was no such violation. It is their contention, however, that the indictments are sufficient because they "allege personal enrichment in that Defendant specifically stated his need to obtain favorable publicity for the forthcoming election in which he was a candidate. The personal enrichment is favorable publicity and the exceeding his lawful authority committed by Defendant was the seeking of indictments not on the bases of evidence or the status of the grand jury investigation, but for a need for favorable personal publicity as a result of a forthcoming election or the meeting of a special grand jury investigating the alleged criminal conduct of the Defendant."

The defendant argues, on the other hand, that an indictment under subsection (c) of the official misconduct statute imposes upon the State a requirement that an indictment allege an underlying violation of a statute, an administrative rule or regulation, a supreme court rule, or a tenet of the Code of Professional Responsibility for attorneys.

The issue presented, then, is whether the indictments in this case are insufficient because they failed to specify that, in the performance of his official duties, the defendant did not violate a particular statute, supreme court rule, rule or regulation of an administrative agency, or tenet of the Code of Professional Responsibility. The State contends that the *Samel* case does not require such specification. But we do not so read *Samel*. The court in *Samel* did not go so far as to say that an indictment for a section 33—3(c) offense need not allege that a defendant violated an underlying statute, supreme court rule or administrative order or regulation. The extent of its holding is that a violation of a statute, supreme court rule, rule or regulation of an administrative body, or tenet of the Code of Professional Responsibility will be a sufficient basis for a charge under section 33—3(c) even though such enactments do not contain a penal clause.

■ In addressing the statutory requirement that defendant must intend to "obtain a personal advantage for himself or another," the State cites our case of *People v. Steinmann* (1978), 57 Ill. App. 3d 887, 373 N.E.2d 757, for the statement "that the [section 33—3(c)] offense was designed to reach those situations where a public officer or

employee has in some fashion exploited his official position to the detriment of the public good." (57 Ill. App. 3d 887, 897, 373 N.E.2d 757, 764.) The phrase "exploited his official position" is to be equated, according to the State, with the phrase "to personally enrich himself or another" (*People v. Samel* (1983), 115 Ill. App. 3d 905, 909, 451 N.E.2d 892, 895) from the *Samel* case. The State's characterization of what is to be deemed a "personal advantage" is too broad and too general. Other cases that have considered the element of "personal advantage" required by the statute have done so in terms denoting a benefit that may be related to an economic gain, and we deem an extensive analysis of such cases unnecessary. It is a "personal advantage" to perform the duties of the State's Attorney's office for the salary of that office. It is a personal gain to be held in high esteem by all, and, in the long run, profitable to career and purse as well. While the motives that attend the performance of his or her duties by a State's Attorney are doubtless myriad, in the main all State's Attorneys hope to gain in reputation and stature, to be regarded highly, to be thought of as efficient, dedicated and aggressive in the performance of the duties. In short, all hope to obtain favorable publicity as they perform the duties of their office. Suffice it to say here that no case cited by the State stands for the proposition that the "personal advantage" required by the statute can consist of "favorable publicity" for consideration by a special grand jury or for consideration by the voters at an approaching election. We conclude that, since the obtaining of favorable publicity is the high aspiration of every public office holder, such a motive cannot serve as the "personal advantage" that will constitute, when coupled with an act in excess of lawful authority, a violation of section 33—3(c).

■ The argument of the State grants that it is within the lawful authority, that it is, indeed, the duty of the State's Attorney to obtain indictments (Ill. Rev. Stat. 1983, ch. 14, par. 5(1)). It further concedes that if the acts of the State's Attorney as alleged in the indictments were performed with a proper motivation, there would be no occasion to question his conduct. The State contends, however, that the performance of an otherwise lawful duty, when coupled with the allegedly improper motivation, causes his acts to exceed his lawful authority. Although the doing of one's lawful duty out of an improper motive might bring condemnation and result in ouster at a subsequent election, it cannot, under the provision of section 33—3(c), constitute a crime. If improper motivation for the performance of an official's assigned statutory duty were actionable, all governmental offices at all levels would be disrupted, endless litigation would result, and public

officials' effectiveness would be largely neutralized. As long as a public official properly performs the duties of his office, it is inappropriate to examine the motives prompting his or her actions unless he or she, as stated in *Samel*, violates a statute, supreme court rule, administrative rule or regulation or tenet of the Code of Professional Responsibility with the intent to obtain personal advantage for himself or for another.

Affirmed.

KASSERMAN and KARNS, JJ., concur.