THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GERALD BASSETT, Defendant-Appellant.

Fifth District   No. 5—87—0177

Opinion filed May 11, 1988.

Gerald Bassett, *pro se,* and Merle C. Bassett, P.C., both of Wood River, and Rice Law Office, of Belleville (Robert H. Rice and Merle C. Bassett, of counsel), for appellant.

Bruce D. Locher, Special State's Attorney, of Springfield (Kenneth R. Boyle, Stephen E. Norris, and Gerry R. Arnold, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LEWIS delivered the opinion of the court:

On December 19, 1984, a 46-count indictment was filed in the circuit court of Madison County charging defendant, Gerald Bassett, with official misconduct, bribery, and conspiracy. Defendant was tried before a jury and was ultimately convicted of 10 counts of official misconduct and two counts of conspiracy.

Prior to sentencing defendant filed a motion in arrest of judgment, arguing that the counts of the indictment upon which he was convicted failed to charge an offense; that the "count convicting [*sic*] [him] of conspiracy to commit official misconduct, being the inchoate offense, should be dismissed because of the conviction of the defendant on the substantive counts of official misconduct"; and that his conspiracy to commit bribery conviction should be vacated as "inconsistent factually and legally with verdicts of not guilty as to the substantive offenses of bribery."

The trial court granted defendant's motion in part, vacating the "judgment of guilty as to Count I" and vacating the "verdict as to Count II." The court denied defendant's motion as it pertained to the 10 counts of official misconduct and subsequently sentenced him on those counts.

Defendant appeals the official misconduct convictions, claiming that the indictment did not properly charge the offenses and that the evidence at trial was insufficient to prove him guilty beyond a reasonable doubt.

The counts charging official misconduct were substantially similar in their factual allegations. Each count charged that James Barton, a public officer, and Gerald Bassett, a public employee, committed the offense of official misconduct in that

> "Barton, as Supervisor of Assessments for Madison County, Illinois, and Bassett, as a Deputy Assessor for Madison County, Illinois[,] with intent to obtain a personal advantage for [another], performed in their official capacity an act in excess of their lawful authority in that they caused the reduction in the 1982 real estate tax assessment *** on a parcel of property [in which another had an interest] *** and which assessment had been certified as correct by James Barton on or about July 14, 1982[,] and which reduction was not pursuant to a hearing or official action by the Madison County Board of Review."

Following presentation of the State's case, the prosecutor moved to amend the indictment, deleting, *inter alia*, the phrase "or official action" from the counts now on appeal.

In order to properly charge official misconduct under subsec-

tion (c) of section 33—3 of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, par. 33—3(c)), the State must allege that a public officer or employee, in his official capacity and with intent to obtain a personal advantage for himself or another, knowingly performed an act in excess of his lawful authority. Cases interpreting this section have held that the indictment must specify facts indicating a violation of a statute, rule, regulation or tenet so as to demonstrate how a defendant exceeded his lawful authority. (*People v. Weber* (1985), 133 Ill. App. 3d 686, 689, 479 N.E.2d 382, 384; *People v. Samel* (1983), 115 Ill. App. 3d 905, 911, 451 N.E.2d 892, 896.) The indictment must allege, at a minimum, facts which would show that defendant violated an identifiable statute, rule, regulation or tenet.

■ If the charging instrument fails to set forth the elements of the offense, then a motion in arrest of judgment, if made, must be granted by the trial court. (*People v. Lutz* (1978), 73 Ill. 2d 204, 212, 383 N.E.2d 171, 173-74; *People v. Sherman* (1982), 110 Ill. App. 3d 854, 858, 441 N.E.2d 896, 899.) Defendant's challenge must be sustained even without a showing that the defect in the indictment prejudiced the defense. *People v. Smith* (1984), 99 Ill. 2d 467, 474, 459 N.E.2d 1357, 1361; *People v. Utt* (1983), 122 Ill. App. 3d 272, 275, 461 N.E.2d 463, 465.

■ We have examined the counts of the indictment at issue on appeal and have determined that they fail to set forth the elements of the offense of official misconduct. The counts alleging official misconduct charged that defendant, a deputy assessor, and James Barton, the supervisor of assessments, with intent to obtain a personal advantage for another, performed in their official capacity an act in excess of their lawful authority in that they caused assessment reductions after the assessments had been certified as correct by James Barton and said reductions were not pursuant to a hearing by the board of review. The indictment alleges joint action by defendant and Barton; therefore, if Barton, as defendant's supervisor, had the authority to cause reductions after certification of the assessments, then defendant, acting in concert with Barton or at his behest, had derivative authority.

In order to determine whether defendant exceeded his authority we must first determine whether the reductions following certification were in excess of Barton's lawful authority. The State argues that they were, pointing to section 97 of the Revenue Act of 1939 (the Act) (Ill. Rev. Stat. 1985, ch. 120, par. 578) as authority for its position. The State contends that section 97 prohibited Barton from reducing assessments after he had certified that the assessments were

correct. The State also contends that Barton had no authority to make reductions without authority from the board of review.

As the State observes, section 97 of the Act prohibits alterations in the assessment books after they have been certified by a county assessor as correct unless the changes are ordered by a board of appeals. Similarly, section 96 of the Act prohibits revisions by a board of assessors after certification. Section 96 states:

"Upon the signing of such affidavits the board of assessors shall have no further power to change the assessment or alter the assessment books so as to change or affect the taxes of that year." (Ill. Rev. Stat. 1985, ch. 120, par. 577.)

Neither section applies to a supervisor of assessments.

Section 95 of the Act governs assessments and changes in assessments by a supervisor of assessments. (Ill. Rev. Stat. 1985, ch. 120, par. 576.) It grants a supervisor of assessments the power to make changes or alterations in the assessment of property, just as sections 96 and 97 grant that power to a board of assessors and a county assessor, respectively. Supervisors of assessments, boards of assessors, and county assessors are all required to file affidavits pursuant to sections 95, 96, and 97 of the Act (Ill. Rev. Stat. 1985, ch. 120, pars. 576, 577, 578) certifying that revisions and corrections have been completed and entered in the assessment books submitted to the board of review (or appeals). However, section 95, unlike sections 96 and 97, does not prohibit a supervisor of assessments from revising the assessment books as he sees fit after certification. The legislature could have provided such a restriction—as it did in sections 96 and 97—if it had meant to limit the powers of a supervisor of assessments; yet, it chose not to do so. Moreover, effecting changes in the assessment books after certification does not appear to violate the oath a supervisor of assessments takes in certifying the books, as he swears only that the assessments are "just" and the books "correct" to the "best of [his] knowledge and belief" as of the date of certification. (Ill. Rev. Stat. 1985, ch. 120, par. 581.) The certification does not rule out the possibility that new information may come to light that might affect his assessment after the date of certification, nor does it by its terms prohibit changes. We find that a supervisor of assessments, or a deputy at his direction, has the power to make changes in the assessment books after certification and that part of the indictment that alleges reductions were effected after certification is insufficient to state a violation of a statute, rule, regulation or tenet. *Weber*, 133 Ill. App. 3d at 689, 479 N.E.2d at 384.

■ As for the State's allegations that defendant caused assess-

ment reductions not pursuant to a hearing by the Madison County Board of Review, we note that the authority to cause reductions after certification implies that a supervisor of assessments can act without a board of review hearing, at least when he does so prior to action by the board. Moreover, the supervisor of assessments is the board's clerk by statute (Ill. Rev. Stat. 1985, ch. 120, par. 484b) and thus is authorized to make changes in the assessment books at the board's direction. Although the State argues that Barton and defendant violated statutory provisions when they "made the reductions without authority from the board of review," no such allegation was included in the indictment, and it is not at all clear that the board could authorize Barton's actions only in a formal hearing. Common sense dictates that a clerk of a three-member board may often be directed to perform ministerial acts by one member of the board. In such an instance there would be a reasonable assumption that the member directing the clerk to act did so with the advice and consent of the other members. We find the allegation that defendant made reductions "not pursuant to a hearing" to be insufficient to state an underlying violation of a statute, rule, regulation or tenet. *Weber*, 133 Ill. App. 3d at 689, 479 N.E.2d at 384.

■ What remains of the charge is an allegation that Barton and defendant caused reductions "with the intent to obtain a personal advantage for [another]." The *Weber* case, previously cited, demonstrates that this allegation, standing alone, is insufficient to show that Barton and defendant exceeded their lawful authority. In *Weber*, this court held that an allegedly improper motive cannot form the basis for an official misconduct charge where a public official or employee otherwise properly performs the duties of his office. Therefore, an intent to obtain a personal advantage for another is insufficient to charge official misconduct in this case because there is no allegation that the reductions were otherwise improper or that there was no sound basis for making them. An improper intent would not be criminal where the assessment reductions were otherwise warranted. Moreover, it could be argued that anytime an assessor enters an assessment reduction he intends to benefit, or obtain an advantage for, the person who pays taxes on the property.

■ A criminal statute is to be strictly construed in favor of the accused. (*People v. Christensen* (1984), 102 Ill. 2d 321, 465 N.E.2d 93.) We therefore deem it inappropriate to impose criminal liability upon this defendant by accepting at face value the State's assurances that some statute or rule has been violated where no violation has been shown by the State or discerned by this court.

We find the indictment insufficient to state a charge of official misconduct. We must therefore reverse defendant's convictions of official misconduct. Although it appears from the evidence presented at trial that the State may have been able to prove defendant guilty of some form of impropriety, the law requires that proper charges be brought against a defendant. In this case the charges simply do not state an offense.

For the foregoing reasons, defendant's official misconduct convictions are reversed.

Reversed.

KARNS and LEWIS, JJ., concur.