THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. JOSEPH DAVIS et al., Defendants-Appellees.

Fifth District   No. 5—88—0618

Opinion filed August 28, 1990.

John Baricevic, State's Attorney, of Belleville (Kenneth R. Boyle, Stephen E. Norris, and Ellen Eder Irish, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Norman S. London and Thomas F. Flynn, both of Law Offices of Norman S. London, of St. Louis, Missouri, for appellee Kelvin Ellis.

JUSTICE WELCH delivered the opinion of the court:

This interlocutory appeal is taken by the People of the State of Illinois from dismissal by the St. Clair County circuit court of grand jury indictments for official misconduct and theft of property against defendant Kelvin Ellis and indictments for theft of property against defendant Joseph Davis. On appeal we address an issue of apparent first impression in Illinois: whether the labor of an employee is the "property" of his employer, such that diversion by a third party of the employee from his duty for his employer constitutes theft under section 16—1(a)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1987, ch. 38, par. 16—1(a)(1)). According to the representations of defense counsel and the State's Attorney at the hearing on the motion to dismiss, the transcript of which was made part of this record, we set forth the following statement of facts.

Ben D. Brown, Inc. (hereinafter, Brown), contracted with the City of East St. Louis to perform certain services connected with the East St. Louis Riverfront Project, a public works project, among which was to conduct a survey of city residents concerning the project. Brown was to be reimbursed for the services provided to the city by the trustee of a bond issue financing the Riverfront Project. Brown's employees were hired through the East St. Louis First program, an employment program providing job training to economically disadvantaged persons. The 12 individuals named in the indictments whose labor was allegedly stolen by defendants were hourly wage employees of Brown who worked a regular schedule.

Defendant Kelvin Ellis was an appointed official in the City of East St. Louis and assistant to the mayor. The 12 employees came to city hall each day and received instructions on their daily assignments from Ellis and Davis. Instead of instructing the 12 employees to perform the survey work for Brown as the contract with the city required, Davis and Ellis asked the employees to participate in political activities such as campaigning and collecting absentee ballots to benefit the mayor of East St. Louis and Davis, both of whom were candidates in an upcoming election.

After testimony before the St. Clair County grand jury, Davis was indicted for 12 counts of theft and Ellis was indicted for 12 counts of theft, 12 counts of official misconduct under section 33—3(b) of the Criminal Code of 1961 (Ill. Rev. Stat. 1987, ch. 38, par. 33—3(b)), and 12 counts of official misconduct under section 33—3(c) of the Criminal Code of 1961 (Ill. Rev. Stat. 1987, ch. 38, par. 33—3(c)). After discovery was completed, each defendant filed a motion to dismiss claiming that the indictments did not charge an offense of theft because the la-

bor of a person cannot be the property of his employer. The State argued that, under the statute, "property" is defined as anything of value and Brown lost the value of the employees' services when he was paying them for certain work but they were working for someone else. Ellis and Davis were guilty of theft, the State argued, because they caused Brown to lose the value of the employees' services.

The court found in its orders of dismissal that the State's factual allegations against each of the defendants were basically as follows:

(1) that Ben D. Brown, Inc., contracted with the City of East St. Louis to perform certain services and to that end hired the individuals named in the indictment;

(2) that those individuals would gather at East St. Louis City Hall each morning to be instructed as to what tasks they should perform that day;

(3) that defendant, as assistant to the mayor, would instruct the individuals as to what tasks he wished them to perform;

(4) that defendant knew that the aforesaid individuals were employed by Ben D. Brown, Inc., to perform certain services for the city;

(5) that despite this knowledge, defendant instructed or requested that these individuals perform tasks other than that for which they were hired by enticing them with promises of jobs or other rewards;

(6) that the defendant did so with the intention of depriving Ben D.Brown, Inc., of the services and/or labor of the individuals in its employ; and

(7) that the defendant is charged with the offense of theft in violation of subsection 16—1(a)(1) and, based thereon, official misconduct.

The court ruled in separate criminal actions against the defendants, which are consolidated for purposes of this appeal, that the indictments failed to state an offense for theft of property under section 16—1(a)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1987, ch. 38, par. 16—1(a)(1)), because the anticipated labor of an employee is not the property of his employer as the term "property" is defined within said section of the Code. The court further found in the orders of dismissal that section 16—3 of the Criminal Code of 1961 (Ill. Rev. Stat. 1987, ch. 38, par. 16—3) covers theft of labor or services and that the conduct of defendants described in the indictments would more aptly be addressed by the commercial bribery section of the Criminal Code of 1961 (Ill. Rev. Stat. 1987, ch. 38, par. 29A—1).

■ We initially note that defendant Kelvin Ellis was indicted on

24 counts of official misconduct under sections 33—3(b) and 33—3(c) of the Criminal Code of 1961, which provide as follows:

"A public officer or employee commits misconduct when, in his official capacity, he commits any of the following acts:

* * *

(b) Knowingly performs an act which he knows he is forbidden by law to perform; or

(c) With intent to obtain a personal advantage for himself or another, he performs an act in excess of his lawful authority * * *." (Ill. Rev. Stat. 1987, ch. 38, pars. 33—3(b), (c).)

These sections of the official misconduct statute have been interpreted as requiring an allegation that in the performance of the official's duty the defendant violated an identifiable civil or criminal statute, rule, regulation, tenet or any other duty imposed by law. (*People v. Weber* (1985), 133 Ill. App. 3d 686, 479 N.E.2d 382; *People v. Adams* (1978), 64 Ill. App. 3d 547, 381 N.E.2d 738.) Therefore, sufficiency of the counts of official misconduct against Ellis are dependent on sufficiency of the predicate offenses, the theft of property counts, and the State has so stipulated.

■■■ Section 16—1(a)(1) of the Criminal Code of 1961 provides that a person commits theft when he knowingly obtains or exerts unauthorized control over property of the owner. (Ill. Rev. Stat. 1987, ch. 38, par. 16—1(a)(1).) Theft of property from a person exceeding $300 and not exceeding $10,000 in value is a Class 3 felony. (Ill. Rev. Stat. 1987, ch. 38, par. 16—1(b)(4).) "Property" for purposes of section 16—1(a)(1) is defined generally in section 15—1 of the Criminal Code of 1961 as meaning "anything of value." The definition then goes on to list specific items that property includes:

"real estate, money, commercial instruments, admission or transportation tickets, written instruments representing or embodying rights concerning anything of value, labor, or services, or otherwise of value to the owner; things growing on, affixed to, or found on land, or part of or affixed to any building; electricity, gas and water; birds, animals and fish, which ordinarily are kept in a state of confinement; food and drink; samples, cultures, microorganisms, specimens, records, recordings, documents, blueprints, drawings, maps, and whole or partial copies, descriptions, photographs, computer programs or data, prototypes or models thereof, or any other articles, materials, devices, substances and whole or partial copies, descriptions, photographs, prototypes, or models thereof which constitute, represent, evidence, reflect or record a secret scientific, techni-

cal, merchandising, production or management information, design, process, procedure, formula, invention, or improvement." (Ill. Rev. Stat. 1987, ch. 38, par. 15—1.)

An "owner" is defined for purposes of section 16—1(a)(1) in section 15—2 to mean a person other than the offender, who has possession of or any other interest in the property involved, even though such interest or possession is unlawful, and without whose consent the offender has no authority to exert control over the property. (Ill. Rev. Stat. 1987, ch. 38, par. 15—2.) Although the court noted that section 16—3 of the Criminal Code of 1961 concerns theft of labor or services, this section clearly does not apply to defendants' conduct. Section 16—3(a) provides that a person commits theft when he obtains the temporary use of property, use or services of another which are available only for hire, by means of threat or deception or knowing that such use is without the consent of the person providing the property, labor or services. (Ill. Rev. Stat. 1987, ch. 38, par. 16—3(a).) By enactment of section 16—3 the legislature intended to protect businesses from the unscrupulous practices of prospective customers. *People v. Dillon* (1968), 93 Ill. App. 2d 151, 158, 236 N.E.2d 411, 415.

Defendants pose a constitutional argument to the State's construction of section 16—1(a)(1): that the labor of one person may be the property of another is anathema to the prohibition of slavery contained in the thirteenth amendment to the Constitution. The State argues on appeal, however, that the statutory sense of ownership as defined in section 15—1 is the only sense of ownership relevant to construction of section 16—1(a)(1), the thirteenth amendment having no bearing on this issue. Moreover, the State compares the employer's alleged property interest in the labor of his employee to the employer's right pursuant to tort law against third parties interfering with the employer's contractual relationship with his employee. The State acknowledges that an employer cannot command the employee's services nor can he obtain specific performance of an employment contract, and so acknowledges that the employer's interest in his employee's labor has some, but not all, incidents of a property right. However, the State argues, section 15—1, which defines property for purposes of section 16—1(a)(1), is broad enough to include an employee's labor which, without a doubt, is valuable to an employer.

■■ ■ While we agree with the State that the thirteenth amendment has no bearing on decision of this issue, we cannot agree that the indictments against defendants stated offenses for theft under section 16—1(a)(1) of the Criminal Code of 1961. At common law, only tangible personal property could be the subject of larceny; written

documents such as deeds and contracts and things growing on, affixed to, or found on land partaking of the nature of realty, electrical energy and water power were not considered property for the purpose of larceny. (*People v. Zakarian* (1984), 121 Ill. App. 3d 968, 972, 460 N.E.2d 422, 425.) However, by the legislative enactment of section 15—1, things not embraced by larceny under common law are considered property for the purpose of our theft statute. (*Zakarian*, 121 Ill. App. 3d at 972, 460 N.E.2d at 425.) While cases discussing the types of property embraced by the theft statute are scarce, earlier cases state that the test is not whether the property is tangible or intangible, but whether the property is capable of being taken away by someone other than the owner. (*Zakarian*, 121 Ill. App. 3d at 972-73, 460 N.E.2d at 426.) Section 15—1 only lists items which may be physically possessed and carried away. (*Zakarian*, 121 Ill. App. 3d at 973, 460 N.E.2d at 426.) Moreover, it has been stated that only property which is detectable or measurable by the senses or mechanical means or property which can be moved can be the subject of theft. *Zakarian*, 121 Ill. App. 3d at 973, 460 N.E.2d at 426.

■ One of the issues on appeal in the *Zakarian* case involved whether a person's right to anticipated music royalties was "property" under section 15—1 such that the defendant's conviction for theft of those anticipated royalties should be affirmed. The defendant had made unauthorized copies of music tapes recorded by the person and then sold them to third parties. Although the court in *Zakarian* did not dispute the State's contention that the right to anticipated music royalties had intrinsic value, the right did not possess characteristics of property as defined in section 15—1, to wit, it could not be taken and carried away, transported from place to place or moved, and could not be detected by the senses or measured by mechanical means. Accordingly, the court reversed the defendant's conviction for theft of property under section 16—1(a)(1). We likewise believe in the instant case that the value of an employee's anticipated labor does not possess characteristics of property as defined in section 15—1 for the above-stated *Zakarian* reasons. Moreover, our independent research has not uncovered nor have the parties cited any cases addressing the precise issue of whether an employee's anticipated labor is the property of the employer for purposes of a theft statute in Illinois or any other jurisdiction. Our statutory research has, in fact, indicated that a number of jurisdictions specifically state that diversion of the disposition of services of another over which one has the control and to which one knows he is not entitled, for his own or another's benefit, is a criminal offense. (See Ala. Code ch. 8, §13A—8—10(a)(2) (1975);

Ark. Stat. Ann. ch. 46, §11.46.200 (1989); Ariz. Rev. Stat. ch. 36, §36—104 (1980); Idaho Code ch. 183, §18—2403(c) (1985); Ky. Rev. Stat. ch. 514, §514.060(1)(b) (1989); Me. Rev. Stat. ch. 15, §357(2) (1989); N.J. Rev. Stat. §2c:20—8 (1982); N.Y. Penal Law §165.15 (McKinney 1987); S.D. Codified Laws Ann. ch. 22—30A, §22—30A—9 (1989); Tenn. Code Ann. ch. 14, §39—14—104(2) (1989); Utah Code Ann. ch. 6, §76—6—409(2) (1990).) As noted above, the Illinois statute concerning theft of labor or services does not cover diversion of the disposition of services of another over which one has control. Ill. Rev. Stat. 1987, ch. 38, par. 16—3(a).

■ The State's interpretation of the term "property" under section 15—1 to include the anticipated labor of an employee would call for a liberal and expansive interpretation of the general definition, "anything of value." We are not convinced that the legislature intended such an open-ended interpretation. As noted by the *Zakarian* court, section 15—1 lists the species of property not considered property under the common law of larceny but which would now be considered property under the theft statute. Legislation in derogation of common law is usually strictly construed. *State Farm Life Insurance Co. v. Town & Country Associates* (1980), 85 Ill. App. 3d 319, 323, 406 N.E.2d 923, 926.

■ ■ We also note that the general definition of property as "anything of value" is followed by specific items which the general term includes. Although the word "include" does not by itself necessarily limit general language, cases which support a broad or enlarging interpretation for the term "include" do so in order to give effect to a legislative intent to provide as large an access as possible to the general term. (*Greyhound Lines, Inc. v. City of Chicago* (1974), 24 Ill. App. 3d 718, 727, 321 N.E.2d 293, 302.) The word "include" is sometimes used to add to the general class a species which does not naturally belong to it. (*Illinois Central R.R. Co. v. Franklin County* (1944), 387 Ill. 301, 56 N.E.2d 775, 781.) In this case, the items listed after "includes" should be considered an enumeration excluding all other things not in the specific category. (See *Roth v. Department of Public Aid* (1982), 109 Ill. App. 3d 457, 440 N.E.2d 910.) Based on the legislative history of section 15—1 as analyzed in the *Zakarian* case, we believe the theft must be of tangible personal property or property which falls within the specific categories enumerated in the definition in order to state an offense under section 16—1(a)(1).

■ Criminal or penal statutes are to be strictly construed in favor of the accused, and nothing is to be taken by intendment or implication against him beyond the obvious or literal meaning of the

statute. (*People v. Sangster* (1981), 95 Ill. App. 3d 357, 364, 420 N.E.2d 181, 186-87; *aff'd in part, rev'd on other grounds* (1982), 91 Ill. 2d 260, 437 N.E.2d 625.) Moreover, the constitutional requirement of definiteness is violated by a criminal statute that fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute. (*United States v. Harriss* (1954), 347 U.S. 612, 617, 98 L. Ed. 989, 996, 74 S. Ct. 808, 812.) Our decision therefore comports with general rules of construction and the constitutional protections afforded our citizens. Whether conduct such as was alleged against the defendants should be considered theft is an issue we believe must be addressed, if at all, by the legislature. For the foregoing reasons, the judgment of the circuit court of St. Clair County is affirmed.

Affirmed.

CHAPMAN and HOWERTON, JJ., concur.